# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT NOWICKI,

       Plaintiff,            CASE NO. 18-10900
                                 HON. DENISE PAGE HOOD

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [#15] TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#12], TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#13], AND REMANDING MATTER FOR FURTHER PROCEEDINGS**

## I. BACKGROUND

This matter is before the Court on a Report and Recommendation (Doc # 15) filed by Magistrate Judge Patricia T. Morris to grant the Motion for Summary Judgment filed by Plaintiff Robert Nowicki ("Nowicki") (Doc # 12) and to deny the Motion for Summary Judgment filed by Defendant Commissioner of Social Security ("Commissioner") (Doc # 13). The Commissioner has timely filed two objections to the Report and Recommendation. (Doc # 16) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court ACCEPTS

and ADOPTS the Report and Recommendation, GRANTS Nowicki's Motion for Summary Judgment, DENIES the Commissioner's Motion for Summary Judgment, and REMANDS this case for further consideration.

The background facts of this matter are adequately set forth in the Magistrate Judge's Report and Recommendation, and the Court adopts them here.

## II. ANALYSIS

### A. Standard of Review

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

**B. The Commissioner's Objections**

*1. First Objection*

The Commissioner first claims that the Magistrate Judge erred in finding that the Administrative Law Judge's ("ALJ") step 3 analysis was not supported by substantial evidence. Specifically, the Commissioner alleges that Nowicki could not have possibly met Listings of Impairment 12.04 or 12.06. The Court agrees with the Magistrate Judge and finds that the issue of whether there was *any* evidence of Listings of Impairment 12.04 or 12.06 should be remanded for a proper determination by the ALJ.

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner determines whether a claimant is disabled by analyzing five sequential steps. The third step that is at issue requires a determination of whether the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments. 20 C.F.R. § 416.920(a)(4).

The ALJ initially determined that listings 12.04 and 12.06 were not met because there was supposedly no evidence showing that paragraphs B or C were satisfied. *See* 20 C.F.R. § 404, Subpt. P, App'x 1, 12.00(G)(1). The Magistrate

Judge found that there was substantial evidence to support a finding that paragraph C could have been met. The Magistrate Judge specifically referred to Dr. Peter Trent Smith's mental progress notes and Nowicki's three psychiatric hospitalizations in 2016 that occurred within a span of three months. Due to that evidence, the Magistrate Judge ruled that Nowicki's case should be remanded to the ALJ to further grapple with that evidence.[1] (Doc # 15, Pg ID 1135)

The Commissioner argues that the Court should concur with the ALJ's decision since courts have ruled that remand is not required when the ALJ "made sufficient factual findings elsewhere in his decision to support his conclusions at step three." *See, e.g., Forrest v. Comm'r of Soc. Sec.,* 591 F. App'x 359, 365-66 (6th Cir. 2014). Although the Commissioner's cited case law is accurate, the Court finds that the standard referred to by the Commissioner has not been met because the ALJ failed to *sufficiently* make factual findings elsewhere in his decision to support his conclusion. The ALJ *did* acknowledge that Nowicki was hospitalized on several occasions in 2016, but *did not* explain why those hospitalizations—in conjunction with other facts—are inadequate for purposes of proving that Paragraph C has been satisfied. Therefore, the Court finds that the Magistrate Judge was correct, and the

---

[1] The Court notes that the Magistrate Judge stated that on remand, the ALJ may find that Nowicki does not meet the criteria necessary to establish that listings 12.04 or 12.06 have been satisfied, but nevertheless, the ALJ must further assess the evidence discussed in the Magistrate Judge's Report and Recommendation.

ALJ provided insufficient reasoning for his determination that Nowicki did not meet step 3. This issue will consequently be remanded to the ALJ for a more in-depth analysis of the merits of whether Nowicki satisfies step 3.

The Magistrate Judge does not address in her Report and Recommendation which type of remand applies, so the Court will do so now. The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100.

Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994). In such situations, the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id*. A judgment must be entered immediately with a sentence four remand and the district court does not

retain jurisdiction during the administrative proceedings on remand. *Melkonyan,* 501 U.S. 101-02. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer,* 509 U.S. 292, 299 (1993). A sentence four remand is a judgment for the plaintiff. *Id.* at 302 (citations omitted).

A sentence six remand occurs in situations where new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. *Melkonyan,* 501 U.S. at 100. Sentence six allows the district court to remand in light of additional new evidence without making any substantive ruling as to the merits of the Commissioner's decision. *Id.* at 100. The new evidence must be material and good cause must be shown for the failure to incorporate such evidence into the record in a prior proceeding. *Id.* at 100; *Willis v. Secretary of Health and Human Services*, 727 F.2d 551 (6th Cir. 1984). A sentence six remand may also occur where the Commissioner requests a remand before answering the complaint. 42 U.S.C. § 405(g) (sentence six); *Melkonyan,* 501 U.S. at 99-100, and n. 2. After post-remand proceedings are complete, the Commissioner returns to court and the district court may then enter a final judgment. *Id.* at 102.

Here, the Court finds that a sentence four remand is most appropriate. Since the Court determined that the ALJ incorrectly applied the regulations in denying

disability benefits, the Court remands this case back to the Commissioner under sentence four of 42 U.S.C. § 405(g).

The Commissioner's first objection is overruled.

*2. Second Objection*

In its second objection, the Commissioner asserts that the Magistrate Judge did not apply Social Security Ruling ("SSR") 17-2p in three ways. First, the Commissioner asserts that the Magistrate Judge erred by concluding that under SSR 96-6, the ALJ should have obtained an updated medical opinion prior to making a step 3 finding. Second, the Commissioner contends that the Magistrate Judge erred by requiring the ALJ to articulate specific evidence supporting his finding that Nowicki's impairment does not medically equal a listed impairment for step 3 purposes. Third, the Commissioner argues that the Magistrate Judge erred by not considering it sufficient that even if the ALJ did not articulate his reasoning for finding that Nowicki's hospitalizations did not meet Paragraph C when discussing step 3, it sufficed for the ALJ to offer his reasoning for such a finding at a later step in the sequential evaluation process.

The Court is unpersuaded by these arguments. Regarding the Commissioner's first contention, while the Magistrate Judge did indicate that the ALJ should review an updated medical opinion, the Magistrate Judge also found that the existing

7

record—and possibly the ALJ's own opinion—contained evidence that Paragraph C might have been met. As it pertains to the Commissioner's second and third assertions, the Commissioner fails to cite to all of the relevant parts of SSR 17-2. SSR 17-2 states that

> [A]n adjudicator at the hearings or AC level must consider all evidence in making a finding that an individual's impairment(s) does not medically equal a listing. If an adjudicator at the hearings or AC level believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment. Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding. *An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3.*

The Commissioner overlooks the fact that after the ALJ reached his decision regarding step 3, he did not adequately later articulate "why the individual is or is not disabled" in a manner for a "subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3." Therefore, the Court does not find the Commissioner's second and third arguments to be meritorious.

The Commissioner's second objection is overruled.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Magistrate Judge Patricia T. Morris's Report and Recommendation (Doc # 15) is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant Commissioner of Social Security's Objections (Doc # 16) are **OVERRULED**.

IT IS FURTHER ORDERED that Plaintiff Robert Nowicki's Motion for Summary Judgment (Doc # 12) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant Commissioner of Social Security's Motion for Summary Judgment (Doc # 13) is **DENIED**.

IT IS FURTHER ORDERED that this action be **REMANDED** back to the Commissioner under sentence four of 42 U.S.C. § 405(g) for consideration and discussion of whether Plaintiff Robert Nowicki meets the requirements of Listings 12.04 or 12.06 and is entitled to Disability Insurance benefits.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: August 16, 2019        Chief Judge