# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT NOWICKI,

   *Plaintiff*,

v.

COMMISSIONER OF
SOCIAL SECURITY,

   *Defendant*.

_____/

CASE NO. 2:18-cv-10900

HON. DENISE PAGE HOOD
DISTRICT JUDGE

HON. PATRICIA T. MORRIS
MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR ATTORNEY FEES (ECF No. 19)

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion for an award of attorney fees under 42 U.S.C. § 406(b) (ECF No. 19) be **GRANTED** to the extent that Petitioner be awarded $5,827.50.

### II. REPORT

**Introduction and Background**

On June 25, 2015, Plaintiff filed a Title II application for a period of disability and Disability Insurance Benefits ("DIB") alleging disability as of August 6, 2014. (ECF No. 10-2, PageID.52). Following the initial denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ"), held December 19, 2016. (*Id*. at PageID.71). On April 27, 2017, the ALJ found that Plaintiff was not disabled from the alleged onset date through the date last insured for DIB of September 30, 2016. (*Id*. at PageID.52-65).

1

On January 13, 2018, the Appeals Council denied Plaintiff's request for review of the claim. (*Id*. at PageID.30-33).

Plaintiff filed for judicial review of the claim on March 19, 2018 (ECF No. 1), and later moved for summary judgment (ECF No. 12). On August 16, 2019, the District Court granted my recommendation to remand the case to the administrative level for further fact-finding. (ECF Nos. 15, 17-19). Following the remand, on October 29, 2020, an ALJ determined that Plaintiff was disabled as of August 6, 2014. (ECF No. 19-1, PageID.1173-82). Included was the ALJ's statement:

> Plaintiff's counsel "must file a fee petition if he or she wants to charge and collect a fee." Form SSA01560 (Petition to Obtain Approval of a Fee for Representing a Claimant before the Social Security Administration) can be used by your representative this purpose.

(*Id*. at PageID.1184). The award of benefits determination and statement regarding fees were "cc[ed]" to attorney Larry R. Maitland II, of Goodman Acker P.C. (*Id*. at PageID.1175). Plaintiff's counsel did not move for attorney fees under the Equal Access to Justice Act. On November 24, 2021, the SSA sent a notice to the Goodman Acker law firm, addressed to Barry J. Goodman, stating, "We are withholding the amount of $62,611.25 which represents 25 percent of the past-due benefits for ROBERT W. NOWICKI and family in anticipation of direct payment of an authorized attorney's fee." (ECF No. 19-5, PageID.1208). Based on this, the total amount of past-due benefits awarded to Plaintiff and his family comes out to $250,445.00. (*Id.*).

Appended to this motion as Exhibit F is the fee agreement between Plaintiff and the Goodman Acker, P.C. law firm, which provides that in the event of a favorable decision,

2

"my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family." (ECF No. 19-6, PageID.1210). The agreement also states, "In no case will the fee that comes out of the back benefits paid on my account be greater than 25% of back benefits (including the fee paid for work on my case before the Social Security Administration)." (*Id*.).

**Legal Standards**

"The prescriptions set out in [section] 406(a) and [subsection] (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Section 406(a) addresses payment for representation in administrative proceedings before the Commissioner, whereas section 406(b) deals with payment for representation in court. 42 U.S.C. § 406(a)–(b) (2018).

Under § 406(a)(2)(A), where a claimant is entitled to past-due benefits, a fee may be paid to the claimant's representative for services rendered at the administrative level. If the representative worked for a contingency, then that fee may not exceed the lesser of twenty-five percent of the amount of past-due benefits, or $6,000. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II); Maximum Dollar Amount in the Fee Agreement Process, 74 Fed. Reg. 6080–02 (Feb. 4, 2009); *see Gisbrecht*, 535 U.S. at 794–95. Although contingency fees at the administrative level are generally capped at $6,000, a claimant's representative may petition the ALJ to award fees in excess of the $6,000 cap. 42 U.S.C. § 406(a)(3). The review of such fee petition "shall be conducted by the administrative law judge who made the favorable determination…." 42 U.S.C. § 406(a)(3)(B)(i). A fee award at the

3

administrative level is paid out of the past-due benefits that were awarded, and, in addition to meeting the standard of reasonableness, may not exceed 25% of the past-due benefits. 42 U.S.C. § 406(a)(4).

Under 42 U.S.C. § 406(b), where a claimant is "represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). Fee requests under § 406(b) cover attorney work done in the district court, and are considered separately from fee requests under § 406(a), which cover work done at the administrative level and are determined by the ALJ. *See Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 457, 2016 WL 1579960 (6th Cir. 2016) ("In the Sixth Circuit, an attorney who represents the claimant before the Commissioner and in court may separately receive fees for both representations . . . ."). An award under this section must not exceed "[twenty-five] percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)A).

While fees are capped at twenty-five percent, the ALJ and the district court must award a fee that is "reasonable." 42 U.S.C. § 406(b)(1)(A). Thus, while the twenty-five percent cap is used "as a starting point for the court's analysis, . . . it is not to be viewed as *per se* reasonable." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Because the twenty-five percent cap is the "starting point for the court's analysis . . .," the Court generally cannot calculate appropriate attorney's fees without first being able to calculate the cap. *Higdon v. Comm'r of Soc. Sec.*, No. 1:15-cv-458, 2017 WL 1489221, at *3 n.1

4

(S.D. Ohio Apr. 25, 2017) ("[T]he Court must know the net amount of past-due benefits in order to calculate the attorney fee award."); *see Rodriguez*, 865 F.2d at 746.

**Analysis**

In response to this motion, the Defendant states that "the Commissioner takes no position on the award of attorney's fees under 42 U.S.C. § 406(b). However, the Commissioner respectfully recommends that this Court consider whether Plaintiff's request is reasonable." (ECF No. 21, PageID.1222). On May 9, 2022, the Court ordered Petitioner to file a supplemental brief "explaining why his request for attorney fees in the amount of $62,661.25 is reasonable." (ECF No. 23, PageID.1226). The order also directed Petitioner to submit "a separate total of hours he spent preparing this case at both the administrative and district court levels, along with an itemized statement as required by L.R. 54.2(c)(2)." (*Id.*) Finally, the order directed Petitioner to "address the issue of the timeliness of his fee petition." (*Id.*)

In the initial fee petition, Petitioner requested $62,611.25, the entire amount that was withheld from Plaintiff's past-due benefits. (ECF No. 19, PageID.1171). In his supplemental brief, Petitioner reduced his request to $13,877.50. According to the timesheets submitted by Petitioner, this amount is based on a claim of 39.65 attorney hours at $350.00 per hour, and includes work both in this Court and at the administrative level. (ECF No. 24-1, PageID.1236-38).

**Timeliness**

Neither the Social Security Act nor Social Security regulations explicitly set forth a deadline for fee motions under 42 U.S.C. § 406(b). *Hayes v. Comm'r of Soc. Sec.*, 895

F.3d 449, 452 (6th Cir. 2018). However, local rules that set a deadline have the "force of law," and thus apply to fee petitions under § 406(b). *Id*. at 453. E.D. Mich. L.R. 54.2(a) provides that "[a]ttorneys representing clients in social security disability claims under Title II of the Social Security Act who seek District Court approval under 42 U.S.C. § 406 must file and serve a social security fee motion no later than 14 days after entry of judgment or receipt of the social security certificate award (notice of award), whichever is later."

In this case, the last of three notices of award was issued on June 2, 2021. (ECF No. 19-4, PageID.1201).[1] The fee petition was filed on December 6, 2021, well past the 14-day period set forth in the local rule. Petitioner recognizes that his petition is untimely, but asks the Court to apply equitable tolling. (ECF No. 24, PageID.1233-34).

In determining whether to apply equitable tolling to an untimely fee petition, the Court considers the following factors:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Hayes*, 895 F.3d at 453-454 (citing *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007).

By way of explanation for the delayed filing, Petitioner states that the original attorney handling this case was Larry Maitland, the Goodman Acker Law Firm's "sole Social Security attorney," who "handled almost every aspect of the instant matter." (ECF

---

[1] The three notices pertained to Plaintiff and his two children. The first two were issued on March 15, 2021 (ECF No. 19-2, PageID.1186) and May 21, 2021 (ECF No. 19-3, PageID.1194).

6

No. 24, PageID.1228).  Mr. Maitland left the Goodman Acker firm in June of 2021.  (*Id*.). Petitioner states that "[i]t was unknown that the instant Motion needed to be filed until November 24, 2021, when Petitioner received a letter from the Social Security Administration advising that it was withholding $62,611.25 of the past-due benefits for Mr. Nowicki." (*Id*. at PageID.1234).  The fee petition was filed 12 days later, on December 6, 2021.

Looking at the first two *Hayes* factors, the Goodman Acker firm had both actual and constructive knowledge of the June, 2021 award letter.  The time sheets note review of the Notice of Award for Plaintiff on March 21, 2021, and review of the Notice of Award for Clark Nowicki on June 9, 2021. (ECF No. 24-1, PageID.1238).

In terms of the third factor, Petitioner's diligence, I note that once he received the November 24, 2021 letter expressly stating that funds were withheld from Plaintiff's past-due benefits in anticipation of a fee petition, that petition was filed less than 14 days later. So Petitioner acted with diligence at least after he received the November, 2021 letter.

Under the fourth factor, neither the Commissioner nor the Plaintiff would be prejudiced by granting the fee petition.  Unlike the situation in *Hayes*, the withheld funds have not been released to the Plaintiff. *See* 895 F.3d at 454. The Commissioner agrees that this factor "weighs in favor of applying equitable tolling." (ECF No. 26, PageID.1242).

Finally, as to the Petitioner's reasonableness in remaining ignorant of the filing requirement, the principal attorney in Plaintiff's case left the law firm around the same time as the last Notice of Award was issued. While the departure of Mr. Maitland in June of 2021 does not absolve Goodman Acker of its responsibility to timely file a fee petition, the

fact that Maitland was the firm's sole Social Security practitioner at least mitigates its failure to do so.

While it is a close question, I conclude that on balance, the factors support the application of equitable tolling to this petition.

**Reasonableness**

Petitioner's revised request for 39.65 hours of attorney time includes time expended both in this Court and at the administrative level on remand. However, a petition under 42 U.S.C. § 406(b) is restricted to work done at the district court level. Attorney time at the administrative level is considered separately by the ALJ who issued the favorable decision. *See* 42 U.S.C. § 406(a)(3); *Booth*, 645 F. App'x at 457. Therefore, Petitioner may be reasonably compensated only for time expended from the review of the Appeal Council's decision up to the issuance of the judgment in this Court. According to the time sheets, counsel reviewed the Appeal Council's decision on January 23, 2018 and reviewed the judgment on August 16, 2019. (ECF No. 24-1, PageID.1236). The total attorney time reasonably spent at the district court level is 16.65 hours. (*Id*).

Petitioner requests an hourly rate of $350.00. Typically, an appropriate hourly rate that does not result in a "windfall" to the attorney is no more than "twice the standard rate for such work in the relevant market."[2] *Waderlow v. Saul*, 2021 WL 1811558, at *3 (E.D. Mich. May 6, 2021) (citing *Hayes v. Secy' of HHS*, 923 F.2d 418, 422 (6th Cir. 1990)). In

---

[2] In his supplemental motion, Petitioner no longer requests a 25% contingent fee, but rather a lodestar amount based on hours expended multiplied by an hourly rate. In view of this, the Commissioner now states, "Based on the Supplemental Motion, the Commissioner no longer believes a windfall is present." (ECF No. 26, PageID.1243).

*Sykes v. Comm'r of Soc.Sec.*, 144 F. Supp. 3d 919, 926 (E.D. Mich. 2015), the court found a "standard rate" of $395 per hour for experienced public benefits lawyers in Michigan based on State Bar of Michigan statistics. *See also Szostek v. Berryhill*, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017), *report and recommendation adopted sub nom. Szostek v. Comm'r of Soc. Sec.*, 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) ("A review of recent cases from this district reveals that an hourly rate of $250 to $500 is considered standard and that doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny.").

Petitioner indicates that attorney Maitland, who represented Plaintiff in this Court, is an experienced practitioner with over 14 years of experience in Social Security cases. (ECF No. 24, PageID.1232). The request for an hourly rate of $350 is well within the range of what may be considered reasonable.

Accordingly, multiplying the 16.65 hours of attorney time in the district court proceedings by $350 per hour, Petitioner is entitled to fees under § 406(b) in the amount of $5,827.50.

### Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that the motion for attorney fees under 42 U.S.C. § 406(b) be **GRANTED** to the extent that attorney fees be awarded to Plaintiff's attorney in the amount of $5,827.50, payable from the past-due benefits that were withheld.

### REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days

after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," *et cetera*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *et cetera*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 14, 2022                             S/ PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge